**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| GLOBAL BROTHER SRL,<br><br>    Plaintiff,<br><br>    v.<br><br>JONATHAN DAVID WADLINGTON AND JULIE A HUDELSON-WADLINGTON d/b/a " booked-up" and d/b/a "bozaxbooks,"<br><br>    Defendant(s). | Case No. 5:25CV-106-BJB |

**COMPLAINT**

Global Brother SRL ("Plaintiff"), by and through its undersigned counsel, files this Complaint against Defendants, JONATHAN DAVID WADLINGTON AND JULIE A HUDELSON-WADLINGTON d/b/a " booked-up" and d/b/a "bozaxbooks," and alleges as follows:

**NATURE OF THE ACTION**

This is a civil action for copyright infringement and related claims arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. and for associated intellectual property and business violations under federal law and the laws of the Commonwealth of Kentucky. This action is to address the unauthorized reproduction, distribution, and public display of protected works by the Defendants, relating to the book, "Forgotten Home Apothecary."

1. Plaintiff is a worldwide publisher of popular books and titles and has invested substantial resources in creating and distributing its protected materials (i.e., books and images thereof as subject to copyright, trade dress, trademark, and related intellectual property rights). Defendants, without authorization or license, engaged in the unauthorized dissemination of Plaintiff's works through various online platforms and other means (not limited to but including AMAZON), thereby misrepresenting source, rights, and misleading consumers in this District - causing financial and reputational harm to the Plaintiff.

2. Through this action, Plaintiff seeks to protect its exclusive rights under federal and state laws and prevent further harm caused by Defendants' ongoing infringement. Plaintiff seeks injunctive relief, statutory damages, actual damages, attorneys' fees, and any other relief the Court deems just and proper to remedy the harm caused by Defendants' unlawful conduct.

## JURISDICTION AND VENUE

3. This Court possesses subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the claims arise under the Constitution, laws, or treaties of the United States, including but not limited to the Copyright Act (17 U.S.C. § 101 et seq.) and the Lanham Act (15 U.S.C. § 1051 et seq.).

4. This Court further has exclusive jurisdiction over the claims arising under federal copyright and trademark law under 28 U.S.C. § 1338(a), which grants original jurisdiction to federal district courts for all civil actions arising under any Act of Congress relating to copyrights, trademarks, or unfair competition.

5. This Court also has jurisdiction under 15 U.S.C. § 1121, which provides that the district and territorial courts of the United States shall have original jurisdiction over all actions arising under the Lanham Act.

6. This Court additionally has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a), as the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this District and specifically in the Western District of Kentucky, Paducah Division, under 28 U.S.C. § 1391(b) and (c), as Defendants conduct substantial business in this District, have substantial contacts in this District, and events giving rise to this action occur within this District. Defendants direct unlawful activities toward this District, including conducting business, advertising, selling, and/or distributing infringing products within this District.

8. Defendants are subject to this Court's jurisdiction because they reside and conduct business in this District and have purposefully directed infringing activities toward consumers in Kentucky. Additionally, pursuant to the Digital Millennium Copyright Act (DMCA) counter-notice, Defendant (JONATHAN DAVID WADLINGTON ) expressly consented to jurisdiction in this District.

## PARTIES

9.      Plaintiff, Global Brother SRL, is a Romanian Societate cu Raspundere Limitata (SRL) organized and existing under the laws of Romania, with its principal place of business located at Ghiozdanului 22A Lighthouse Residence, Bucharest, Romania. Plaintiff is engaged in the business of publishing, selling, distributing, and advertising books in the United States and internationally. Plaintiff owns and holds all rights, title, and interest in and to the intellectual property associated with its book titled "Forgotten Home Apothecary" including U.S. copyright registrations, trade dress, and common law trademark rights.

10.     Defendant, JONATHAN DAVID WADLINGTON, is an individual located and doing business at 414 Malone Rd., Cadiz, KY 42211. The Defendant is in the business of book sales, among other things, and has participated in, directed, or benefited from the unlawful activities described in this complaint, including the unauthorized sale, reproduction, and distribution of Plaintiff's copyrighted books. The Defendant operates under the name and or is doing business as "booked-up" and "bozaxbooks" on AMAZON and owns and controls the content published and offered on AMAZON in association with himself, said d/b/a's, and JULIE A HUDELSON- WADLINGTON.

11.     Defendant, JULIE A HUDELSON- WADLINGTON, is an individual located and doing business at 414 Malone Rd., Cadiz, KY 42211. The Defendant is in the business of book sales, among other things, and has participated in,

4

directed, or benefited from the unlawful activities described in this complaint, including the unauthorized sale, reproduction, and distribution of Plaintiff's copyrighted books. The Defendant operates under the name and or is doing business as "booked-up" and "bozaxbooks" on AMAZON and owns and controls the content published and offered on AMAZON in association with herself, said d/b/a's, and JONATHAN DAVID WADLINGTON. The foregoing Defendants, JONATHAN DAVID WADLINGTON and JULIE A HUDELSON-WADLINGTON, operate both individually and collectively as a single, indivisible unit, and heretofore are collectively referred to herein in singular as the "Defendant."

12. Defendant, through itself and d/b/a's engages in unlawful advertising, sales and distribution of infringing materials, including, but not limited to, the works of Plaintiff, including but not limited to books titled "Forgotten Home Apothecary" on AMAZON.

13. The Defendant's foregoing acts are directed to consumers in Kentucky and in interstate commerce, to transmit and transport infringing materials, not limited to Plaintiff's protected unique combination of elements, copyright, trade dress, and intellectual property rights.

## FACTUAL BACKGROUND

14. Plaintiff is the exclusive owner of all rights, title, and interest in and to "Forgotten Home Apothecary" based on, but not limited to its registered copyrights, common law trademark rights and distinctive trade dress on and in

association with books, related images, texts and designs:

- TRADEMARK: Plaintiff has acquired common law trademark rights in the title and cover "Forgotten Home Apothecary" through continuous and extensive use in commerce, resulting in strong consumer recognition, including having a 4.5 on GOODREADS and as #11 this week on Amazon Charts, https://www.amazon.com/Forgotten-Home-Apothecary-Powerful-Fingertips/dp/B0DJQVYV99.




- TRADE DRESS: Plaintiff's trade dress includes distinctive designs comprising its titles, layouts, font styles, color schemes, and associated imagery. Its trade dress is inherently distinctive and has acquired secondary meaning in the marketplace, signifying to consumers that the products, books, originate from Plaintiff.

- COPYRIGHT: Plaintiff owns non-U.S. and U.S. Copyright Registrations for "Forgotten Home Apothecary" inter alia, including

registration nos. PAU004249674, TXU002445163, TXU002446167, VAU001538856, TXU002433712, VAU001533601, PA0002534350, and TXu002446715, for the book, text, videos, artwork, book cover, etc. (Exh. A, U.S. Copyright Office printouts).

15. The "Forgotten Home Apothecary" comprises a detailed image resembling a vintage, wooden medicine cabinet. The cabinet is crafted with a dark wooden frame that showcases intricate carvings. Inside the cabinet, there are multiple shelves filled with an assortment of bottles, jars, and containers of various shapes and sizes, labeled with different contents having variety of herbal remedies and ingredients. The labels on containers are styled in script and print. Surrounding the central banner where the book's title, "Forgotten Home Apothecary," is prominently displayed in a decorative red and gold banner, are various botanical illustrations including herbs, leaves, and twig-like elements that frame the title. Below the title, the subtitle "250 Powerful Remedies at Your Fingertips" is situated in a smaller style. The author's name, "Nicole Apelian Ph.D.," is featured at the bottom of the cover.

16. Plaintiff's books have been extensively marketed, distributed, and sold in the United States since at least as early as 2024, generating substantial consumer recognition and goodwill. As a result of this continuous use and promotion, Plaintiff has established enforceable trademark rights in the content, title, design, and trade dress of the books.

17. On or about early July 2025, Plaintiff discovered Defendant was advertising and selling counterfeit, unauthorized, and/or derivations of its titles "Forgotten Home Apothecary" on AMAZON under the ASIN: B0DJQVYV99 and Title: "Forgotten Home Apothecary : 250 Powerful Remedies at Your Fingertips." The unauthorized use included advertising content of Plaintiff's "Forgotten Home Apothecary" as being NEW as in the following,





18. The Defendant is not an authorized distributor of Plaintiff's book and is not otherwise allowed to offer, sell and/or distribute copies of its book. To safeguard its intellectual property rights and mitigate consumer confusion, on or about July 13, 2025, Plaintiff filed its takedown notice with AMAZON regarding the unauthorized content.

19. Almost immediately filing the takedown, the Defendant filed counter notice (AMAZON Complaint ID: 18053817101) whereby Defendant denied Plaintiff is entitled to exclusivity by asserting its unauthorized use was disabled by mistake (<u>Exh. B</u>).

20. On July 16, 2025, the Plaintiff sent communication to the Defendant asserting its exclusive rights in and to the "Forgotten Home Apothecary" and requested the Defendant provide information in effort to resolve the dispute (<u>Exh. C</u>, which includes on-going communication trail). Rather than engage in good-faith communications, Defendant refused to provide any documentation or respond to Plaintiff's on-going requests. Subject to the DMCA counter notice policy of AMAZON, the objected to content of the Defendant will revive unless the Plaintiff files a proceeding in this court.

21. Defendant's actions leave Plaintiff no alternative but to initiate this lawsuit to prevent ongoing harm and seek damages. Defendant's wrongful acts, including but not limited to copyright infringement, trademark infringement, trade dress infringement, and false advertising, have caused irreparable harm to Plaintiff's reputation, consumer goodwill, and financial interests. Plaintiff has suffered and will continue to suffer substantial damages unless Defendant is enjoined by the court.

## CLAIMS FOR RELIEF

### COUNT I

### COPYRIGHT INFRINGEMENT
### [17 U.S.C. § 501]

22. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

23. Plaintiff is the lawful owner of valid and enforceable U.S. Copyright Registrations for the book, its contents and cover artwork, which confer exclusive rights under 17 U.S.C. § 106, including the rights to reproduce, distribute, display, and create derivative works based on the copyrighted materials.

24. Defendant, without authorization or consent, has willfully and unlawfully reproduced, distributed, and displayed counterfeits and/or unauthorized copies of Plaintiff's copyrighted materials in violation of 17 U.S.C. § 501 continuously since at least July 2025 and continuing to the present. Acts of infringement occurred after the Plaintiff received its copyright registration.

25. Defendant's actions constitute knowing, deliberate, and willful infringement as defined under the Copyright Act, committed in reckless disregard of Plaintiff's rights, entitling Plaintiff to enhanced statutory damages under 17 U.S.C. § 504(c). Under 17 U.S.C. § 505, Plaintiff seeks recovery of its attorneys' fees, costs, and expenses incurred in this action because of Defendant's infringing activities.

26. As a direct and proximate result of the Defendant's infringing acts, Plaintiff has suffered and will continue to suffer irreparable harm, including loss of market share, erosion of brand value, and diminished control over its distribution channels, and economic damages for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, the foregoing infringing acts will continue to cause irreparable injury to Plaintiff.

27. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting further importing, advertising, using, making, or infringing the protections under Global Brother U.S. Copyright Registrations, and ordering all unauthorized copies that shall exist, to be destroyed or forfeited.

## COUNT II

### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### [15 U.S.C. § 1125(a)]

28. Plaintiff realleges and incorporates by reference preceding paragraphs, nos. 1-21, as though fully set forth herein.

29. Plaintiff owns enforceable common law trademarks and trade dress rights in and to the non-functional, unique designs of its books, covers and titles (the trade dress and title marks collectively referred to as "Plaintiff's Trademarks").

30. The Plaintiff's Trademarks have been in continuous use in U.S. interstate commerce by Plaintiff prior to any date which can be legally claimed by Defendant.

31.     Plaintiff's Trademarks are inherently distinctive and/or has acquired distinctiveness and secondary meaning based on substantial promotion, sales, marketing, and use in U.S. commerce. Consumers associate the unique titles, unique pattern-design of the books as originating exclusively from Plaintiff.

32.     Defendant's unauthorized use of Plaintiff's trade dress, titles, and overall designs constitutes false misleading representations of fact that is likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, or approval, false description, and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

33.     As a direct and proximate result of the foregoing acts, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, royalties, and other damages in an amount to be determined at trial, and continues to suffer irreparable harm, including loss of market share, erosion of brand value, and diminished control over distribution channels.

34.     Plaintiff seeks damages, including Defendant's profits, actual damages, and costs, pursuant to 15 U.S.C. § 1117(a), as well as injunctive relief to prevent further acts of unfair competition. Because Defendant's actions were knowing, deliberate, and undertaken in reckless disregard of Plaintiff's rights, this constitutes willful conduct, making this an exceptional case entitling Plaintiff to enhanced damages and attorneys' fees under 15 U.S.C. § 1117.

## COUNT III

### MISREPRESENTATION, COUNTER-NOTICE
### [17 U.S.C. § 512(F)]

35. Plaintiff realleges and incorporates by reference preceding paragraphs, nos. 1-21, as though fully set forth herein.

36. Defendant knowingly and materially misrepresented their rights to distribute and display the infringing books in the counter-notice.

37. Defendant's false assertions in the counter-notice constitute a violation of 17 U.S.C. § 512(f), as they acted with actual knowledge of the falsity of their claims or reckless disregard for the truth.

38. As a result of Defendant's misrepresentations, Plaintiff has suffered and will continue to suffer damages, including but not limited to costs and attorneys' fees incurred in addressing Defendant's unlawful conduct, including but not limited to having to file this complaint. Defendant acted knowingly, deliberately, and in reckless disregard of Plaintiff's rights when submitting the counter-notice, intending to continue profiting from infringing sales despite Plaintiff's clear ownership rights.

## COUNT IV

### UNJUST ENRICHMENT

39. Plaintiff realleges and incorporates by reference preceding paragraphs, nos. 1-21, as though fully set forth herein.

40. By capitalizing on Plaintiff's intellectual property and goodwill,

13

Defendant unjustly obtained and continues to obtain benefit, including but not limited to: Revenue generated from the sale of counterfeit books; Cost savings by avoiding investment in original design, marketing, and branding efforts; and Consumer trust and market recognition built upon Plaintiff's established reputation.

41. Plaintiff has suffered and continues to suffer significant harm, including Loss of revenue and market share due to diverted sales; Reputational harm caused by consumer confusion; and Diminished goodwill in the marketplace.

42. Plaintiff's loss is a direct and proximate result of Defendant's conduct in capitalizing on Plaintiff's intellectual property and goodwill.

43. There is no justification for Defendant's conduct. Plaintiff never authorized Defendant to use its intellectual property or to benefit from its reputation and goodwill. In addition, Defendant knew or should have known that its actions were unauthorized, unlawful, and performed directly at Plaintiff's expense. Defendant's conduct was knowing, deliberate, and undertaken in reckless disregard of Plaintiff's rights. Prior to filing a counter-notice, the Defendant should have investigated the dispute. Instead, with wanton disregard, Defendant filed a counter-notice, acted willfully and deliberately to exploit Plaintiff's intellectual property for financial gain, with full knowledge it had no right to do so.

44. Plaintiff has no adequate remedy at law to compensate it for the detriment caused by Defendant's conduct, including loss of market share, erosion of brand value, and diminished control over its distribution channels.

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendants as follows:

a. Preliminary and permanent injunctive relief prohibiting Defendants from further infringing, unfair competition, and deceptive practices;

b. Statutory damages under the Copyright Act for and under the Lanham Act for all works subject to trademark or trade dress infringement;

c. Actual damages, including lost profits and compensation for reputational harm;

d. Treble damages for willful violations of the Lanham Act under 15 U.S.C. § 1117;

e. Disgorgement of Defendants' profits from infringing activities;

f. Attorneys' fees, costs, and expenses under 15 U.S.C. § 1117, 17 U.S.C. § 505, and/or KRS §367.220(3);

g. An order requiring the destruction or forfeiture of all infringing materials in Defendant's possession custody or control;

h. Restitution for unjust enrichment under Kentucky law;

i. Pre-judgment interest at the maximum legal rate;

j. Post-judgment interest at the maximum legal rate;

k. Awarding Plaintiff the costs of this action; and

l. All other and further relief the Court deems just and equitable.

Dated: July 24, 2025

Respectfully submitted,

*/s/ Gregory L. Taylor*
Gregory L. Taylor
Eddins Domine Law Group, PLLC
3950 Westport Road
Louisville, Kentucky 40207
502.893.2350
gtaylor@louisvillelawyers.com
*Counsel for Plaintiff Global Brother SRL*